[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7446
The parties intermarried on November 22, 1986 at Milford, Connecticut. The defendant has resided continuously in the state since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 of the Conn. General Statutes in reaching the decision reflected in the orders that follow.
The parties have been married for approximately eight years but they have lived separate and apart since September 1991. Up to September 1991, the wife contributed regularly to the mortgage, maintenance and upkeep of the marital home. The defendant has not been gainfully employed on a full time basis since 1989. The defendant continued to reside in the marital home after September 1991. Although the defendant made some payments on this mortgage, no payments have been made for the past five months and the marital home is presently in foreclosure.
The parties separated in September 1991 when the plaintiff's employment was transferred to Florida. She presently earns approximately $35,000 per year. The plaintiff is 42 years of age. In November 1992, she had colon surgery while in Florida.
The defendant is 46 years of age and appears to be in good health. At his last full time employment he earned approximately $44,000 per year.
The major asset of the parties is the marital home. The plaintiff owned the home prior to her marriage to the defendant. In October 1986, one month prior to their marriage, the parties refinanced the property for $75,000, paying off the first mortgage and ending up with approximately $6788 in cash. The plaintiff used these funds for the home and to pay off debts of the parties.
Subsequently in December 1988, the plaintiff transferred a half interest in the real estate to the defendant and the parties thereafter obtained a home equity loan of $25,000. The proceeds of CT Page 7447 this loan were used for home improvements and bills of the parties.
The husband contributed substantial sums to the remodeling of this home as well as doing most of the work himself. The amount contributed by the defendant was disputed. Although the defendant had cancelled checks totalling approximately $20,000, no bills or invoices were submitted. The defendant had realized approximately $64,000 from his divorce settlement in 1985 and claims to have put a substantial amount of this money into remodeling the marital home. The defendant also claims to have received loans from his father for approximately $30,000 for remodeling purposes and living expenses.
The home is presently on the market for $154,900.
After the plaintiff moved to Florida in September 1991, the defendant continued to live in the marital home. He paid the mortgages and taxes during that time up to January 1994. No payments have been made on the mortgages for the past five months.
The plaintiff contributed to the mortgages from 1987 until September 1991 when she relocated to Florida. The plaintiff had a second job in 1990 and 1991 to supplement her income. During the years 1988 through 1991, the defendant earned minimal amounts in addition to his unemployment compensation.
The defendant purchased a 1982 Corvette motor vehicle for approximately $15,000 in 1985 prior to his marriage to the plaintiff. This motor vehicle has continued to be registered in the defendant's name. The defendant has had the use, possession and enjoyment of this vehicle throughout the marriage. The defendant signed the back of the title in 1988 purporting to assign the title of this motor vehicle to his father. The paperwork to transfer title has never been processed through the Motor Vehicle Department.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship. The court has carefully considered all the statutory criteria in reaching the decisions reflected in the orders that follow.
A. Real Estate
1. The marital home located at 1001 East Broadway, Milford, CT Page 7448 Connecticut, shall remain on the market for sale and shall be sold as quickly as possible. The listing price shall be reviewed every 30 days.
2. After the deductions for the first mortgage and the home equity line, broker's commission, attorney's fees and usual closing costs, the net proceeds shall be divided 35% to the plaintiff and 65% to the defendant.
3. The defendant shall be responsible to pay and keep current the home owner's insurance on the property and the real estate taxes. He shall maintain the property in reasonably good condition and commit no waste thereon. Since the bank has already commenced a foreclosure action, no orders are entered for the payment of the mortgages.
4. The court shall retain jurisdiction over any disputes with respect to the sale of the real estate.
B. Alimony
Neither party is awarded alimony.
C. Counsel Fees
Each party shall pay their own counsel fees.
D. Pension
The plaintiff shall be entitled to her pension and the defendant shall have no claim thereto.
E. Debts
Each party shall be solely responsible for the debts as listed on their respective financial affidavits and shall hold the other harmless.
F. Miscellaneous
The defendant shall be entitled to the Florida lot and the plaintiff shall have no claim thereto.
G. Personal Property
CT Page 7449
The parties have agreed upon a division of their personal property and it is so ordered. The plaintiff shall remove her personal property when the home is sold or six months from date, whichever event shall first occur. The plaintiff observed the property in June 1994 and it was in good condition. The defendant shall maintain said personal property in good condition subject to reasonable wear and tear.
H. Jewelry
The defendant shall return to the plaintiff her jewelry within 30 days or the defendant shall reimburse the plaintiff the sum of $3,500 from his net proceeds of the real estate.
I. Arrears
No finding of arrears is made.
Coppeto, J.